## Samuel P. Ferree, Trading as, etc., *v.* Bradenburg & Co.

*Practice, Superior C.—Perfecting appeals—Filing certificate.*

It is the duty of an appellant to file the certificate provided for by section 8 of the act of June 24, 1895, with the prothonotary of the Superior Court within a reasonable time. Neglect so to do will be considered cause for quashing the appeal on motion, the same as if certificate had been filed but the record not filed, as required by Rule VIII.

Motion to quash appeal (Nov. 18, 1895), No. 8, Mem. Docket, Nov. T., 1895, Superior Court, by defendant, from the judgment of C. P. No. 3, Phila. Co., Sept. T., 1891, No. 364, entered June 27, 1895, on verdict for the plaintiff.

It appears from the record that judgment was entered June 27, 1895, and appeal entered July 18, 1895, with proper affidavit and security in the prothonotary's office of the court below.

The certificate required by section 8 of the act of June 24, 1895, P. L. 218, was filed November 8, 1895, by the appellee, and the record was not filed in the Superior Court at all.

On November 11, 1895, on motion of counsel for appellee, the Superior Court granted a rule on the appellant to show cause why the appeal should not be quashed, returnable Monday, November 18, 1895.

*J. Alfred Smith,* for appellee, for motion, cited rule VIII. of the Superior Court.

There was no appearance for the appellant on the return of the rule.

PER CURIAM, December 2, 1895:

It was the duty of the appellant to see that the certificate provided for by section 8 of the act of June 24, 1895, was filed with the prothonotary of this court within a reasonable time. If he had done so, the case would have gone upon the argument list for the week beginning November 4, 1895; and upon his failure to file the record on or before the date aforesaid, the appeal would have been quashed: Rule VIII. He cannot complain if the case is treated as if he had performed his first duty;

and as he has not caused the record to be filed at the time contemplated by the rules of court, and has offered no excuse for his apparent laches, the above rule is made absolute.